■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON FREDERICK, Appellant.—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Cohen, J.), imposed July 18, 1984, upon his conviction of manslaughter in the first degree, after a plea of guilty, the sentence being an indeterminate term of imprisonment of 8⅓ to 25 years.

Sentence modified, as a matter of discretion in the interest of justice, by reducing it to an indeterminate term of imprisonment of 5 to 15 years. As so modified, sentence affirmed.

The crime for which the defendant now stands convicted spawned from a dispute between the defendant and his uncle which arose when the defendant interceded in a fight between the uncle and the uncle's girlfriend. In response, the uncle picked up a solid glass ashtray and proceeded to violently attack the defendant with it. As a result of this confrontation, the defendant sustained serious injuries to his head and right side which required immediate medical attention.

The uncle was charged with assault in the second degree. Two days after the incident, the defendant went to his uncle's apartment to retrieve some personal items and observed his uncle standing on the sidewalk, conversing with some friends. The defendant claimed that, at this juncture, he was consumed by "great fear", because his uncle had previously threatened to kill him and had recently demonstrated that his violent propensities rendered him capable of doing so. The defendant then fatally shot his uncle. Immediately after the shooting, however, the defendant contacted the police in an effort to obtain aid for his uncle.

The defendant ultimately pleaded guilty to manslaughter in the first degree and was sentenced to an indeterminate term of 8⅓ to 25 years' imprisonment, the maximum term authorized by statute.

The imposition of the statutorily authorized maximum sentence, under the circumstances, constituted an abuse of discretion. The instant conviction was the defendant's first involvement with the criminal justice system. Moreover, the fear and emotional trauma which enveloped the defendant as a result of the prior confrontation with his uncle clearly precipitated the act which resulted in the uncle's death. In view of these mitigating factors, we conclude that the sentence should be modified to the extent indicated. Mollen, P. J., Brown and Eiber, JJ., concur.

Lazer, J., dissents and votes to affirm the sentence appealed from, with the following memorandum: The killing in this case took place two days after the defendant received 13 stitches as a result of a fight with his uncle. On the day of the homicide, the defendant saw the uncle speaking to some friends and was consumed by "great fear". So great a fear, apparently, that it brought on an "emotional trauma", and, from a distance of approximately five feet he killed the uncle with a shot in the back of the neck with a gun that he "normally carried".

Indicted for common-law murder, the defendant pleaded to

manslaughter in the first degree but now complains that the sentence is too heavy. Frankly, I see nothing in the record that provides any basis for the overthrow of the sentencing court's discretion. The defendant's claims may have been sufficient to warrant reduction of the charge against him from common-law murder to manslaughter but they provide no warrant for a reduction of the sentence under any standards normally applicable on sentence review *(see, People v Suitte,* 90 AD2d 80).

Accordingly, I vote to affirm.